# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2026 JUL -6 P 3: 14
CLERK OF COURT

RAVEN GRIFFIN

      Plaintiff,

vs

Case No. **26-C 1177**

Housing Authority of the City of Milwaukee (HACM),
Defendant.

## CIVIL COMPLAINT

(42 U.S.C. § 1983 – Due Process Violations; HUD Housing Regulations)

## I. JURISDICTION

1. This action arises under the Constitution and laws of the United States, including the Fourteenth Amendment, 42 U.S.C. § 1983, and federal housing regulations governing the Housing Choice Voucher program, including 24 C.F.R. § 982.555.
2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in this District because Defendant operates within Milwaukee, Wisconsin, and all events occurred within this District.

## II. PARTIES

4. Plaintiff Raven Griffin is a participant in the Housing Choice Voucher Program administered by Defendant.
5. Defendant Housing Authority of the City of Milwaukee (HACM) is a public housing authority administering federally funded housing assistance programs.

## III. FACTUAL ALLEGATIONS

### A. Recertification and Initial Approval

6. Plaintiff completed her annual recertification for continued participation in the Housing Choice Voucher program.
7. On January 21, 2026, Plaintiff received written confirmation stating her recertification had been verified and approved.

### B. Notice of Termination

1

8. On February 11, 2026, Defendant issued a Notice of Intent to Terminate Plaintiff's voucher, primarily alleging failure to provide Cash App documentation related to a Social Security deposit.

9. The February 11 notice did not clearly include allegations regarding asset certification deficiencies, account transfer tracing, or expanded documentation requirements later relied upon by Defendant.

## C. Informal Hearing

10. An informal hearing was held on May 20, 2026.

11. During the hearing, Defendant relied primarily on alleged Cash App documentation deficiencies and asserted issues with an "Under $5,000 Asset Certification" form.

12. The hearing transcript reflects uncertainty regarding whether Plaintiff had been clearly informed of all required documentation prior to termination, including whether the asset certification issue had been properly communicated.

13. Plaintiff testified that she complied with all instructions provided through HACM communications and the Rent Café portal and that she had not received clear notice of all alleged deficiencies forming the basis of termination.

## D. Post-Hearing Decisions and Expanding Requirements

14. On May 27, 2026, Defendant issued a decision conditionally reinstating Plaintiff's assistance subject to additional documentation requirements.

15. The May 27 decision states that Plaintiff was previously provided instructions on or about May 21, 2026. Plaintiff did not receive any such May 21, 2026 instruction letter, and no such document has been produced to Plaintiff.

16. On or about June 17, 2026, Defendant issued additional correspondence further expanding documentation requirements, including:
- explanations of transfers between accounts,
- tracing of Social Security lump-sum payments,
- and additional bank statement verification.

17. These expanded requirements were not clearly identified in the February 11, 2026 termination notice and were not clearly defined as grounds for termination during the May 20, 2026 hearing.

## E. Final Determination and Termination Timeline

18. Defendant ultimately upheld termination of Plaintiff's voucher assistance, with termination scheduled for July 31, 2026.

19. The shifting and expanding documentation requirements throughout the process deprived Plaintiff of clear and consistent notice of the grounds for termination.

2

## IV. CLAIM FOR RELIEF
## VIOLATION OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983)

20. Plaintiff realleges all prior paragraphs.
21. Defendant, acting under color of state law, deprived Plaintiff of a protected property interest in Housing Choice Voucher assistance without constitutionally adequate due process.
22. Defendant failed to provide clear, specific, and consistent notice of the grounds for termination as required by the Fourteenth Amendment.
23. Defendant relied on shifting and expanding allegations throughout the administrative process, including post-hearing documentation requirements and alleged instructions dated May 21, 2026 that Plaintiff did not receive.
24. Defendant's actions deprived Plaintiff of a meaningful opportunity to respond to the actual grounds used to terminate assistance.
25. The United States Supreme Court has held that government benefits may not be terminated without adequate notice and a meaningful hearing. See Goldberg v. Kelly.

## V. CLAIM FOR RELIEF
## VIOLATION OF HUD HEARING REQUIREMENTS

26. Defendant failed to comply with mandatory procedural requirements governing Housing Choice Voucher termination proceedings, including 24 C.F.R. § 982.555.
27. Defendant failed to ensure that Plaintiff was provided a hearing based on a stable and clearly defined set of allegations and instead relied on shifting justifications and post-hearing expansions of required documentation.

## VI. CLAIM FOR RELIEF
## ARBITRARY AND CAPRICIOUS AGENCY ACTION

28. Defendant acted arbitrarily by:
- approving Plaintiff's recertification;
- later initiating termination based on the same recertification process;
- changing documentation requirements over time; and
- relying on inconsistent factual justifications throughout the process.

## VII. RELATED EMERGENCY RELIEF

29. Plaintiff has filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction seeking to prevent termination of housing assistance pending resolution of this action.
30. Plaintiff incorporates all factual allegations in this Complaint into that Emergency Motion.

3

## VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare Defendant's actions unlawful and in violation of due process;

B. Declare Defendant violated 24 C.F.R. § 982.555;

C. Vacate Defendant's termination decision;

D. Restore Plaintiff's Housing Choice Voucher assistance;

E. Enjoin Defendant from terminating Plaintiff's assistance absent full compliance with constitutional and federal requirements;

F. Grant such other relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff may demand a jury trial on all issues so triable.

7/6/2026